68   425
170s 298

# John Angus and George A. Gindele v. Chicago Trust and Savings Bank.

1.   ACCORD AND SATISFACTION—*Sufficiency of Pleas of.*—A plea of accord and satisfaction which does not aver an acceptance in satisfaction of the debt is bad.

Assumpsit, on promissory notes. Appeal from the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed January 21, 1897.

HOYNE, FOLLANSBEE & O'CONNOR, attorneys for appellants.

JOHN G. HENDERSON, attorney for appellee; MOSES, PAM & KENNEDY, of counsel.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee sued the appellants upon promissory notes, about which there is no controversy, and recovered a judgment from which this appeal is taken.

The first point made is that a " motion to strike cause from short cause calendar, for the reason that the case had been previously stricken from the trial court's short cause calendar" was denied.

We have copied from the abstract all that it shows upon the subject, and it does not appear that, in fact, the case was, when the motion was made, or ever had been, upon any short cause calendar.

The defense was that the appellants had, while the suit was pending, given checks payable thereafter, upon an arrangement which Gindele, as a witness, described, says the abstract, as follows:

" I gave Mr. Tolman about eight or ten checks in payment of all that Angus & Gindele owed him, as in full settlement. He was to retain all the notes and pass them over as fast as we paid the checks. He was to retain the notes as collateral, and this suit was to stand until all the checks were paid. The checks were dated ahead from one month to six or seven months."

Default was made in paying the checks, after two or three had been paid, and then the pending suit was pressed to trial. Such testimony falls far short of proving that the appellee accepted the checks in satisfaction of the debt sued for. A plea of accord and satisfaction—the only plea adapted to such a defense—is bad if it do not aver accept-

ance in satisfaction of the debt.   Drake v. Mitchell, 3 East, 251.

It is clear from the testimony of the witness that the checks were given and received only as a mode of payment if the checks were punctually paid; thereby giving time to the appellants, but not discharging the action if a default in payment followed.

The judgment is affirmed.